The opinion of the Court was delivered by
Fenner, J.
Plaintiff, surviving widow of J. Sosthene Monton, brings this action against his administrator, averring that Ms succession is indebted to her in the sum of $12,821.92, of which a $500 were donated to her, and paid to her husband in 1848, and $500 in 1850, by her father, and the balance was received by her husband before the end of July, I860, from the successions of her parents.”
The petition contains no other specifications of the nature, origin, date, or particulars of this large claim.
Further alleging that the administrator has “ but partly recognized her claim, and refuses to class it as it should be classed in the account by him hied of his administration,” she prays for judgment recognizing her claim, with legal mortgage, and ordering the administrator to class and pay the same according to rank, etc.
The essential foundation for such an action is the administrator’s refusal to acknowledge and place upon his account the claim sued on.
The only amounts shown or claimed to have been received by plaintiff’s husband from her parents or their successions for her account, are : ■
1. The two donations of $500, in 1848 and 1850............ $1,000.00
2. The cash received by him from the successions of her father and mother.................................... 3,817.26
4. The amount of the purchase price of certain slaves bought at the succession sale of her parents, and paid for out of her heritable share, say.............................. 3,600.00
As to the first two items, the record shows that they áre not disputed by the administrator, but, on the contrary, are duly placed upon his account as debts secured by legal mortgage.
The last item is disputed by the administrator, who claims that the slaves referred to were adjudicated to her, and not to her husband, and that they thereby became her paraphernal property.
The only evidence of the purchase is a notarial act of partition, between the heirs of Jean Vavasseur and wife, from which it appears that the slaves were adjudicated to her, and paid for out of her heritable share.
This act of partition was offered in evidence by plaintiff, without reservation. It is the only evidence of the purchase of and payment for the slaves found in the record.
She claims that she is not bound by the recital contained therein, that the slaves were adjudicated to her, and that theproees verbal of the adjudication should have been produced, because the only appear *1046 anee made in the act, in her behalf, was by her husband, who alone signed the same for her.
That-she might have contradicted that recital, it is not necessary to dispute. But having offered the entire instrument without reserve, and not having contradicted it, we think it very clear she is hound by all its recitals, and cannot dissever them, so as to take advantage of those in her favor, and repudiate those which are against her.
It is now well settled, that property so purchased by an heir, and paid for out of her heritable share, becomes separate property, and does not fall into the community of acquets and gains as property acquired during marriage. Troxler vs. Colley, 33 An. 425, and authorities there cited.
It follows that this claim of her’s is not sustained, and the first mentioned claims being fully acknowledged, and properly ranked on the administrator’s tableau, there is nothing to support the present action.
As to the allowances claimed by her, on account of discount on Confederate money paid to her by the administrator, and on account of funds of the community existing between her and her husband, and charged to have been appropriated to the settlement of his ante-ivuptial debts, the mere reading of the petition shows that they arc utterly foreign to the allegations thereof, and cannot he considered in this action.
Many other legal objections are .urged against the plaintiff’s action of a serious character, hut it is disposed of by the foregoing considerations.
Judgment affirmed at appellant’s cost. ,